**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | |
|---|---|
| **RICHARD MATTHEWS,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| v. ) | **Civil Action No. 24-0007** |
| ) | |
| **GOVERNMENT OF THE VIRGIN ISLANDS** ) | |
| **DEPARTMENT OF JUSTICE-DIVISION** ) | |
| **OF PATERNITY AND CHILD SUPPORT** ) | |
| **DIVISION EX REL CASSANDRA JHERO,** ) | |
| ) | |
| **Respondent.** ) | |
| ) | |

**Appearances:**
**Richard Matthews**
  *Pro Se*

**Pamela L. Colon, Esq.**
St. Croix, U.S.V.I.
  *For Law Enforcement Supervisor's Union*

## MEMORANDUM OPINION

**Lewis, District Judge**

THIS MATTER comes before the Court on Magistrate Judge Emile A. Henderson III's Report and Recommendation ("R&R") (Dkt. No. 38), in which Magistrate Judge Henderson recommends that the Court *sua sponte* remand this matter to the Superior Court of the Virgin Islands ("Superior Court") because the Court lacks subject matter jurisdiction. Magistrate Judge Henderson also recommends denying as moot the Law Enforcement Supervisor's Union's ("LESU") "Motion to Remand" (Dkt. No. 25). No objections to the R&R have been filed. For the reasons discussed below, the Court will adopt the R&R as modified herein; *sua sponte* remand this matter to Superior Court; and deny as moot the LESU's Motion.

## I.  BACKGROUND

The following is a summary of the facts relevant to the instant Motion.[1]

On December 20, 2023, Richard Matthews ("Matthews")[2] filed a request to appeal a child support order to the Family Division of the Superior Court. (Dkt. No. 1-2 at 11). The Superior Court case number for the appeal is SX-2023-SP-0004 ("Removed Action"). *Id.* On March 1, 2024, Matthews filed both an "Amended Appeal" and "Second Amended Appeal" in the Removed Action, which attempted to raise claims against the LESU and others as a part of his appeal of the Child Support Order before the Superior Court. *Id.* at 4. On March 5, 2024, the Superior Court entered an Order in the Removed Action noting that the Superior Court "cannot hear the additional claims." (Dkt. No. 1-2 at 13).

On April 11, 2024, Richard Matthews filed his "Notice of Removal" (Dkt. No. 1), wherein Matthews seeks to remove "case SX-2023-SP-0004 from the Superior Court of the Virgin Islands to district court pursuant to 28 U.S.C. § 1446(a) and Article III standing." (Dkt. No. 38 at 1) (internal quotation omitted). On May 23, 2024, the LESU filed its "Motion for Remand" (Dkt. No. 25). On June 3, 2024, this Court referred this action, including LESU's Motion, to Magistrate Judge Henderson. (Dkt. No. 36). On June 7, 2024, Magistrate Judge Henderson issued his R&R. (Dkt. No. 38). No objections to the R&R have been filed.

## II.  APPLICABLE LEGAL PRINCIPLES

### A.  Standard of Review

Parties may make "specific written objections" to a magistrate judge's report and recommendation "[w]ithin 14 days after being served with a copy of the recommended

---

[1] A more detailed account of the facts can be found in the R&R. (Dkt. No. 38).

[2] Matthews is proceeding *pro se* in both this action and the underlying action in Superior Court.

disposition." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1); LRCi 72.3. When reviewing a report and recommendation, a district judge must review *de novo* "any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1) (similar). Where the parties do not object to a magistrate judge's report and recommendation, there is no requirement that a district court review the report and recommendation before accepting it. *See Thomas v. Arn*, 474 U.S. 140, 151 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."); *Sunshine Shopping Ctr., Inc. v. LG Elecs. Panama*, 2023 WL 6388015, at *3 (D.V.I. Sept. 30, 2023) (citing *Banco Popular de Puerto Rico v. Gilbert*, 424 F. App'x 151, 153 (3d Cir. 2011). Notwithstanding *Thomas*, the Third Circuit has stressed that, even in the absence of an objection, the "better practice is to afford some level of review to dispositive legal issues raised by the report." *Broomall v. DA of the Cnty. of Delaware*, 2024 WL 1163542, at *1 n.1 (E.D. Pa. Mar. 18, 2024) (citing *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987)); *see also Banco Popular de Puerto Rico v. Gilbert*, 424 F. App'x at 153 ("Even if neither party objects to the magistrate's recommendation, the district court is not bound by the recommendation of the magistrate.") (internal quotation omitted).

"Accordingly, a district judge reviews those parts of the magistrate judge's report and recommendation to which parties have not objected under the 'plain error' standard of review." *Sunshine Shopping Ctr., Inc. v. LG Elecs. Panama, S.A.*, 2023 WL 6388015, at *3 (D.V.I. Sept. 30, 2023) (quoting *EEOC v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017)); *see also United States v. Olano*, 507 U.S. 725, 734 (1993) (explaining that "plain error" means clear or obvious,

and it must be prejudicial, in that "[i]t must have affected the outcome of the district court proceedings").

### B. Removal and Subject Matter Jurisdiction

"The removal of cases from state to federal court is governed by Sections 1441 and 1446 of Title 28 of the United States Code." *O'Reilly v. Bd. of Elections*, 2014 U.S. Dist. LEXIS 176531, at *6 (D.V.I. Dec. 23, 2014). 28 U.S.C. § 1441(a) provides, in pertinent part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." The statute, however, only provides for removal by defendants. *Hughey v. SEPTA*, 712 F. App'x. 214, 215 (3d Cir. 2018) ("the right to remove a case from state to federal court is reserved to defendants, not plaintiffs"); *Boldrini v. Fannie Mae*, 2019 U.S. Dist. LEXIS 183686, at *4 (M.D. Pa. Oct. 24, 2019) ("only defendants can remove state actions to federal court.") (citing 28 U.S.C. § 1441(a)). "For the purpose of removal, the federal law determines who is plaintiff and who is defendant . . . and not state statute." *Lee v. Merhige*, 2020 U.S. Dist. LEXIS 136585, at *7 (E.D. Pa. 2020) (citing *Chicago, Rock Island & Pacific Railroad Co. v. Stude*, 346 U.S. 574, 580, 74 S. Ct. 290, 294, 98 L. Ed. 317 (1954)).

28 U.S.C. § 1447(c) provides, in pertinent part, that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "Where this Court's jurisdiction on removal is challenged, the burden is on the removing party to demonstrate that subject matter jurisdiction exists as claimed." *Boteo v. Kaz Thoroughbred Horse Ctr., LTD*, 2023 U.S. Dist. LEXIS 120921, at *3 (D.N.J. July 12, 2023) (citing *In re Nat'l Football League Players Concussion Injury Litig.*, 775 F.3d 570, 574 (3d Cir.

2014)). A plaintiff's improper removal under 28 U.S.C. § 1441(a) raises a jurisdictional question even where the action could have originally been filed in federal court. *Jefferson v. Bank of Am.*, 2023 U.S. Dist. LEXIS 124669, at *6 (D.N.J. July 19, 2023) ("Because Plaintiff is, of course, not the defendant here, his removal of his own case to federal court was not permitted by the removal statute. Thus, the Complaint must be dismissed for the Court's lack of jurisdiction."); *Oak v. Sullivan*, 2024 U.S. Dist. LEXIS 100203, at *2 (W.D. Wash. June 4, 2024) ("It is perhaps true that plaintiff could have filed its complaint in this Court. But its removal of the state court case under 28 U.S.C. §§ 1441 and 1446 is not effective, and it does not invoke this Court's jurisdiction."). The Court may *sua sponte* consider jurisdictional issues related to removal. *Sargeant v. Hess Corp.*, 2023 U.S. Dist. LEXIS 52714, at *6-7 (D.V.I. Mar. 28, 2023); *see generally Generational Equity LLC v. Schomaker*, 602 F. App'x. 560, 561 (3d Cir. Feb. 23, 2015) ("[a] federal court has the obligation to address a question of subject matter jurisdiction *sua sponte*.").

### III. DISCUSSION

#### A. Standard of Review

More than fourteen days have passed and no objections to the R&R have been filed. Accordingly, the Court reviews the R&R under the plain error standard. *Sunshine Shopping Ctr., Inc.*, 2023 WL 6388015 at *3; *see also Banco Popular de Puerto Rico v. Gilbert*, 424 F. App'x at 153.

#### B. Removal and Subject Matter Jurisdiction

In his R&R, Magistrate Judge Henderson found that Matthews was not a defendant in the Removed Action, and, therefore, recommended that the Court remand the action to the Superior Court *sua sponte* for lack of jurisdiction. *See generally* (Dkt. No. 38).

The Court finds no plain error in Magistrate Judge Henderson's finding that Matthews is not

a Defendant, and that removal was therefore improper. *Id*. at 12. Here, Matthews filed the action in the Superior Court and is the party seeking relief before the Superior Court. S*ee* (Dkt. No. 1-2 at 10-14). Further, Matthews is the party seeking relief before this Court. *See* (Dkt. Nos. 1 at 1-2, 1-1 at 1). Indeed, Matthews lists himself as the Plaintiff in his Notice of Removal and in the case information and litigant data form attached thereto. *Id.* Thus, as Magistrate Judge Henderson found, Matthews is not a defendant in the Removed Action and therefore cannot properly remove the action to this Court. *See Hughey v. SEPTA*, 712 F. App'x. 214, 215 (3d Cir. 2018) ("the right to remove a case from state to federal court is reserved to defendants, not plaintiffs"); *Boldrini v. Fannie Mae*, 2019 U.S. Dist. LEXIS 183686, at *4 (M.D. Pa. Oct. 24, 2019) ("only defendants can remove state actions to federal court.") (citing 28 U.S.C. § 1441(a)).

Further, the Court finds no plain error in Magistrate Judge Henderson's recommendation that the Court *sua sponte* remand the removed action for lack of jurisdiction. As discussed above, Magistrate Judge Henderson correctly found that Matthews improperly removed the action to this Court. Because the removal was improper, this Court lacks jurisdiction over the matter. *Jefferson v. Bank of Am*., 2023 U.S. Dist. LEXIS 124669, at *6 (D.N.J. July 19, 2023); *Oak v. Sullivan*, 2024 U.S. Dist. LEXIS 100203, at *2 (W.D. Wash. June 4, 2024). Accordingly, a remand is required, 28 U.S.C. § 1447(c), and a *sua sponte* remand is appropriate. *Sargeant v. Hess Corp*., 2023 U.S. Dist. LEXIS 52714, at *6-7 (D.V.I. Mar. 28, 2023) ("Because the propriety of removal and the issue of remand are at the heart of the Court's subject matter jurisdiction, the Court will address the issue *sua sponte*."); *Generational Equity LLC v. Schomaker*, 602 F. App'x. 560, 561 (3d Cir. 2015) (noting that even where a motion is procedurally improper, "[a] federal court has the obligation to address a question of subject matter jurisdiction *sua sponte*.").

**B.    LESU's Motion to Remand**

Magistrate Judge Henderson recommends that the LESU's Motion to Remand be denied as moot in light of his recommendation to remand the action *sua sponte*. The Court finds no plain error in this recommendation. *Drexel Univ. v. Obado*, 2013 U.S. Dist. LEXIS 80876, at *1 n.1 (D.N.J. June 10, 2023) ("Because the Court addresses these issues *sua sponte*, it will deny the Motion to Remand as moot.").[3]

## IV.    CONCLUSION

In view of the foregoing, the Court finds no plain error in Magistrate Judge Henderson's R&R. The Court will therefore adopt Magistrate Judge Henderson's R&R as modified herein; *sua sponte* remand the Removed Action to the Superior Court of the Virgin Islands; and deny the LESU's "Motion to Remand" (Dkt. No. 25) as moot.

An appropriate Order accompanies this Memorandum Opinion.

Date: July 19, 2024

_____/s/_____
WILMA A. LEWIS
District Judge

---

[3] In view of this Court's finding that Magistrate Judge Henderson's recommendation to deny the LESU's Motion to Remand as moot was without plain error, the Court does not address whether the LESU had standing to move to remand—a question the Court construes as being raised only in *dicta* in the R&R. *See* (Dkt. No. 38 at 11).